Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 1 of 15 PageID #: 5

# Exhibit A

STATE OF RHODE ISLAND　　　　　　　　SUPERIOR COURT
PROVIDENCE, SC

LORI DEROBBIO

VS

FAY SERVICING, LLC
CITIBANK, N.A. NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE OF
NRZ PASS-THROUGH TRUST VI

## COMPLAINT

Plaintiff, by her attorney, complains of Defendants as follows:

1. Plaintiff is a resident of State of Rhode Island with an address of 68 Uxbridge Street, Cranston, Rhode Island. Plaintiff resides at and owns said real estate located at of 68 Uxbridge Street, Cranston, Rhode Island with her minor child.

2. Plaintiff executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS" ) as nominee for Central Pacific Mortgage Company on December 23, 2003. A copy is attached as Exhibit A

3. Harmon Law Offices, PC ("Harmon") is a Massachusetts corporation.

4. Fay Servicing, LLC ("Fay") is a Limited Liability Company organized under the laws of the State of Delaware. It is a loan servicer for the owner of the Plaintiff's mortgage and note. It is a debt collector and it does not own Plaintiff's mortgage. At the time it commenced servicing of the mortgage loan, the Plaintiff's mortgage loan account was delinquent.

5. Citibank, N.A. as Trustee for NRZ Pass-Through Trust VI ("Citibank") claims to own Plaintiff's note and mortgage. However this entity has never been assigned her mortgage or transferred her note. It is a New York statutory trust.

1

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 2 of 15 PageID #: 6

6. On June 23, 2017 Plaintiff submitted a facially complete loss mitigation application and package to Fay, which it acknowledged as having received on that date. Previously she had submitted a facially complete loss mitigation application and package to Fay on February 27, 2017.

7. Thus since February 27, 2017, Plaintiff has been seeking loss mitigation. Since she had submitted a facially complete package at the latest on June 23, 2017, Fay was prohibited by Regulation X of noticing a foreclosure sale as mandated by 12 CFR 1024.41.

8. Thus pursuant to 12 CFR 1024.41, Fay could not refer this matter to a sale, since the servicer received a facially complete package, which included all documents requested in the application.

9. This sale was continually readvertised until it was scheduled for October 20, 2017.

10. This activity was also in violation of RIGL § 19-14.11-4 Prohibited Acts and Practices, which provides:

It is a violation of this chapter for a person to:

**(2) Engage in any unfair or deceptive practice toward any person.**

**(4) Use any unfair or unconscionable means in servicing a loan.**

**(14) Knowingly or recklessly facilitate the illegal foreclosure of real property collateral.**

**(18) Fail to comply with any federal or state law, rule, or other legally binding authority relating to the evaluation of loans for modification purposes or the modification of loans.**

**(19) Fail to comply with this chapter, or rules adopted under this chapter, or fail to comply with any orders or directives from the director, or fail to comply with any other state or federal law, including the regulations thereunder, applicable to any business authorized or conducted under this chapter.**

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 3 of 15 PageID #: 7

11.     These are all deceptive practices pursuant to the Rhode Island Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act.

12.     Harmon on behalf of Fay and Citibank scheduled a foreclosure sale for Plaintiff's home on October 20, 2017 at 9:00 AM. This was originally scheduled for August 30, 2017, a copy of which is attached as Exhibit B. Plaintiff has not received a Notice of Default as provided by the terms of my mortgage nor an acceleration notice as provided by the terms of my mortgage.

13.     Neither Fay nor Citibank has sent Plaintiff a notice pursuant to the provisions of paragraph 22 of her mortgage and has not accelerated the note pursuant to the terms of the mortgage.

14.     Before an acceleration of the loan was declared, the Lender was required to specify:

   a.   the default;

   b.   the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

   c.   that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to assert the non-existence of a default of Borrower to acceleration and sale.

15.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale**

3

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

**of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

16. Specifically the provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was not strict compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

17. Plaintiff has also received a commitment for a loan to lend her $151,000.00 to payoff this loan.

18. The payoff for her mortgage is approximately $150,000.00 or less. The fair market value of her home according to her new lender is $260,000.00.

19. Plaintiff will need ten days to close on this loan.

20. Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:55:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 5 of 15 PageID #: 9

21. These facts demonstrate that Plaintiff has a substantial likelihood of success. Likewise a foreclosure of her property by a party not entitled to foreclose on the property will cause her irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

22. Such relief sought by Plaintiff will not disserve the public interest if imposed.

23. Since there has been no compliance with the terms of the mortgage, any foreclosure will be void.

## COUNT I
## BREACH OF CONTRACT

24. Paragraphs 1- 24 are incorporated by reference.

25. Paragraph 22 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

26. Plaintiff never received any a default letter, which included language required by the terms of the mortgage from the lender or owner of the note or the mortgage or an agent indicating that it was acting on behalf of the lender or owner of the note and the mortgage.

27. Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property. This action constituted a breach of contract, resulting in damages to the Plaintiff, who hired an attorney to commence this case.

28. Pursuant to Rhode Island Law and the terms of the mortgage and the Statutory Power of Sale can only be exercised if a mortgagee accelerates the mortgage after a proper default notice pursuant to the terms of the mortgage.

WHEREFORE, Plaintiff demands the following relief:

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 8:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 6 of 15 PageID #: 10

    a.    Damages against Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for failure to comply with the terms of the mortgage.

    b.    Damages Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for legal fees and actual damages arising from the breach of contract.

    c.    Legal fees from Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI pursuant to the provisions of R.I.G.L § 9-1-45.

    d.    Damages for charges to her mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

    e.    All other just and proper relief.

LORI DEROBBIO
By her Attorney

October 18, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

29. Paragraphs 1-28 are incorporated by reference.

30. The mortgage contract between Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

6

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 8:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

31. The mortgage contract in paragraph 22 incorporates the Rhode Island Statutory Power of Sale.

32. The Statutory Power of Sale could only be invoked by sending Plaintiff the following documents:

   a. A default letter pursuant to the term of the mortgage was required to be sent by the lender to the mortgagor at their home address

   b. A subsequent acceleration letter from the lender to the Plaintiff was required to be sent after a default letter.

   c. A notice of sale from the lender

33. Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiff, which contained language required by the terms of the mortgage and a subsequent acceleration notice on behalf of the lender pursuant to the terms of the mortgage.

34. The failure to send a default letter pursuant to the terms of the mortgage were actions taken contrary to the contractual and statutory obligations of the parties.

35. As a result, Plaintiff has incurred the following damages:

   a. Plaintiff has incurred the cost of filing this action in the form of filing fees and service fees, incurred in order to stop the foreclosure, which was in violation of the terms of the mortgage.

   b. Plaintiff's mortgage loan account has been charged fees and costs which were not permitted without a valid default letter having being sent to her.

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 8:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 8 of 15 PageID #: 12

    c. Plaintiff has incurred damages for Plaintiff aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety. She has incurred stress with mail advising him that her home will be sold at a public auction.

    d. Plaintiff has incurred attorney fees and costs to obtain an injunction to stop the illegal foreclosure.

    e. Plaintiff has incurred attorney fees and costs for the prosecution of this action.

36. The conduct of Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI was willful, wanton and reckless, warranting the imposition of punitive damages. They ignored the clearly stated terms of the mortgage, but instead went forward and sought to exercise the statutory power of sale without a valid default notice having been sent to the Plaintiff.

    WHEREFORE, Plaintiff demands the following relief:

    a. Damages against Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for failure to comply with the terms of the mortgage.

    b. Damages against Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for legal fees and damages arising from the breach of contract.

    c. Legal fees Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI.

    d. Damages for charges to her mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

    e. Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless

8

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 9 of 15 PageID #: 13

        nights, worry and anxiety. and stress suffered by the Plaintiff.

  f.  Damages for punitive damages

  g.  All other just and proper relief.

            LORI DEROBBIO
            By her Attorney

October 18, 2017       /s/ John B. Ennis
            JOHN B. ENNIS, ESQ. #2135
            1200 Reservoir Avenue
            Cranston, Rhode Island 02920
            (401) 943-9230
            Jbelaw75@gmail.com

## COUNT III
## INJUNCTIVE RELIEF

37. Paragraphs 1-33 are incorporated by reference.

38. Plaintiff swill be irreparably harmed if the foreclosure sale on September 12, 2017 occurs and her home is sold.

39. Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

40. The failure of the Defendants to comply with paragraph 22 of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability. This demonstrates that Plaintiff has a substantial likelihood of success.

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

41.   Likewise a foreclosure of Plaintiff's property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants.

42.   Such relief sought by Plaintiff will not disserve the public interest if imposed.

43.   The failure of the Defendant to comply with paragraph 22 of the mortgage renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability. This demonstrates that Plaintiff has a substantial likelihood of success. Likewise a foreclosure of Plaintiff's property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants. Such relief sought by Plaintiff will not disserve the public interest if imposed.

WHEREFORE, Plaintiff demands that this Court:

a.   Grant a Preliminary Injunction Restraining and Enjoining Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI or any other entity acting on its behalf from conducting, advertising or continuing a foreclosure sale at 68 Uxbridge Street, Cranston, Rhode Island pending a hearing on a Permanent Injunction

b.   Grant a Permanent Injunction enjoining Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI or any other entity acting on its behalf from conducting, advertising or continuing a foreclosure sale at 68 Uxbridge Street, Cranston, Rhode Island until further Order of this Court.

c.   Award the Plaintiff actual damages and compensatory damages and legal fees and costs against the Defendants for scheduling a foreclosure without complying the terms of the mortgage

d.   Grant all other just and proper relief.

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2015 8:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 11 of 15 PageID #: 15

LORI DEROBBIO<br>
By her Attorney

October 18, 2017  /s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT IV
## VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

44.   Paragraphs 1-43 are incorporated by reference.

45.   At the time that Fay Servicing, LLC obtained servicing rights of the Plaintiff's mortgage, it claimed that the obligation of the Plaintiff was in default. Defendant, Fay Servicing, LLC is a "debt collector" as defined by the provisions of R.I.G.L. § 19-14.9-3 ("RIFDCPA"). This Court has jurisdiction pursuant to the provisions of R.I.G.L. § 19-14.9-13. The primary business of Fay Servicing, LLC is the collection of debts.

46.   Fay Servicing, LLC since it commenced servicing of the mortgage loan has committed several violations of the RIFDCPA and is liable to the Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations.

47.   Fay Servicing, LLC has used multiple unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiffs.

48.   Fay Servicing, LLC has violated the RIFDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt. Fay Servicing, LLC made false representations regarding the character, amount and legal status of the debt.

49.   On or after October 19, 2016, Fay Servicing, LLC retained the law firm of Harmon Law Offices, P.C. (" Harmon") to collect an alleged debt

11

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 12 of 15 PageID #: 16

allegedly due to the entity on whose behalf Fay Servicing, LLC was collecting by seeking to foreclose on Plaintiff's property.

50. Fay Servicing, LLC, through this law firm, made various false representations, which were made regarding the character, amount and legal status of the Plaintiff's debt. These false assertions were made as follows:

   a. It falsely stated on a number of occasions, through its own documentation and that of its attorneys the amount secured by the mortgage loan.

   b. It has falsely stated the amount claimed to be due in past due interest and charges, in every statement and document sent to the Plaintiff since that date.

51. These statements were all false and were violations of R.I.G.L. § 19-14.9-7 (b)(1) for the reasons as alleged previously in this complaint.

52. Fay Servicing, LLC claiming to act on behalf of the owner of the mortgage loan, through its attorney, also violated the provisions of R.I.G.L. §19-14.9-7 (b)(e) by threatening to take an action that could not be legally taken, namely that it could exercise the statutory power of sale and conduct a foreclosure sale of the plaintiff's home.

53. In addition Fay Servicing, LLC could not take this action because there had never been a valid default letter sent to Plaintiff by the lender.

54. In addition, no foreclosure sale would be held because on June 23, 2017, Plaintiff transmitted to Fay Servicing, LLC a facially complete loss mitigation package.

55. This package received by Fay Servicing, LLC contained the application form of Fay, the Plaintiff's verification of income, IRS Form 4506, her tax returns, bank statements and a utility bill.

56. Pursuant to 12 CFR 1024.41, the receipt of a facially complete package prohibited any Notice of Sale pursuant to RIGL 34-27-4 from being sent to the Plaintiff.

57. This activity was also in violation of RIGL § 19-14.11-4 Prohibited Acts and Practices, which provides:

12

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 13 of 15 PageID #: 17

It is a violation of this chapter for a person to:

**(2) Engage in any unfair or deceptive practice toward any person.**

**(4) Use any unfair or unconscionable means in servicing a loan.**

**(14) Knowingly or recklessly facilitate the illegal foreclosure of real property collateral.**

**(18) Fail to comply with any federal or state law, rule, or other legally binding authority relating to the evaluation of loans for modification purposes or the modification of loans.**

**(19) Fail to comply with this chapter, or rules adopted under this chapter, or fail to comply with any orders or directives from the director, or fail to comply with any other state or federal law, including the regulations thereunder, applicable to any business authorized or conducted under this chapter.**

58. Each action of Fay Servicing, LLC described above constitutes a separate violation of the RIFDCPA for which Fay Servicing, LLC is liable.

59. All the actions alleged in this complaint were designed to compel the Plaintiff to pay monies to Fay Servicing, LLC, through its attorney, on behalf of the alleged owner of the note and mortgage under the false threat of foreclosure of her home unless she made such a payment to Fay Servicing, LLC, through its attorney on behalf of the entity, which owned the note.

60. The Plaintiff has incurred actual damages as a result of the violations of the RIFDCPA:

> a. Plaintiff has incurred costs for gasoline to visit her attorney on several occasions, driving to her attorney's office for round trips totaling more than 5 miles. The IRS standard mileage allowance provides for .56 per mile.
>
> b. Plaintiff has used her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to his cell phone usage and monthly fees.

13

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 1-1   Filed 11/09/17   Page 14 of 15 PageID #: 18

    c.    Plaintiff has used electricity to recharge her cell phone for calls when she spoke with his attorney.

    d.    She has incurred attorney fees and costs for the prosecution of the Superior Court action.

    e.    She has suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of her home on several occasions.

    f.    Her mortgage loan account has been charged unreasonable fees and costs.

61. As a result of the above described acts Fay Servicing, LLC, it is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff demands that Judgment be entered against the Defendant Fay Servicing, LLC, for the following relief:

    A.    Judgment against Fay Servicing, LLC for actual damages, and statutory damages of $1,000.00 for each violation of the RIFDCPA.

    B.    Judgment against Fay Servicing, LLC for legal fees and costs for the prosecution of this action.

    C.    For all other just and proper relief.

October 18, 2017

LORI DEROBBIO
By her attorney,

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 6:45:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Plaintiff demands a Trial by Jury