

## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Lori Derobbio _____ vs. Fay Servicing, LLC,   ET AL

Federal Court Case No. 1:17-CV-00520   State Court Case No. PC-2017-4969

**Record Information**

Confidential:        Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

**Certification**

I, Alexa Goneconte _____, Clerk of the Rhode Island Superior Court for the County of
Providence _____ do certify that the attached documents are all the documents
included in the record in the above referenced case.

Date: 11/09/2017

Clerk of Court

/s/ Alexa Goneconte _____
By ~~Deputy Clerk~~

Page 1

# SC DOCKET SHEET
## CASE NO. PC-2017-4969

| | | |
|---|---|---|
| Lori Derobbio<br>v.<br>Fay Servicing, LLC, Citibank, N.A. as Trustee for NRV<br>Pass-Through Trust VI | §<br>§<br>§<br>§<br>§ | Location: **Providence/Bristol County**<br>**Superior Court**<br>Filed on: **10/19/2017**<br>US District Court Case **1:17-CV-00520**<br>Number: |

---

### CASE INFORMATION

**Statistical Closures**
| | |
|---|---|
| 11/09/2017 | Closed - Unassigned |
| 11/09/2017 | Closed - Unassigned |

Case Type: **Injunctive Relief**

Case Status: **11/09/2017 Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | PC-2017-4969 |
| Court | Providence/Bristol County Superior Court |
| Date Assigned | 10/19/2017 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | Derobbio, Lori | **ENNIS, JOHN B**<br>*Retained*<br>4019439230 x000(W) |
| **Defendant** | Citibank, N.A. as Trustee for NRV Pass-Through Trust VI | |
| | Fay Servicing, LLC | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

### EVENTS

| | |
|---|---|
| 11/09/2017 | Closed Unassigned |
| 11/09/2017 | Closed Unassigned |
| 11/09/2017 | Case Removed to US District Court |
| 11/09/2017 | Notice of Removal<br>*Notice of Filing Notice of Removal* |
| 10/19/2017 | Summons |
| 10/19/2017 | Complaint Filed<br>*Complaint for Inunctive Relief and Damages* |

### HEARINGS

| | |
|---|---|
| 11/20/2017 | *CANCELED* **Preliminary Injunction** (9:30 AM) (Judicial Officer: Keough, Associate Justice Maureen B.)<br>*Case Dismissed* |
| 10/19/2017 | **Temporary Restraining Order** (9:30 AM) (Judicial Officer: Licht, Associate Justice Richard)<br>*Heard and Granted* |

*Printed on 11/09/2017 at 4:02 PM*

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2017-4969 |
| **Plaintiff**<br>Lori Derobbio<br>    v.<br>**Defendant**<br>Fay Servicing, Llc | **Attorney for the Plaintiff or the Plaintiff**<br>John B Ennis |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1200 RESERVOIR AVENUE<br>CRANSTON RI  02920 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>701 East 60th Street<br>Sioux Falls SD  57104 |

**TO THE DEFENDANT, Citibank, N.A. as Trustee for NRV Pass-Through Trust VI:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/19/2017. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND         PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Lori Derobbio<br>    v.<br>**Defendant**<br>Fay Servicing, Llc | **Civil Action File Number**<br>PC-2017-4969 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Citibank, N.A. as Trustee for NRV Pass-Through Trust VI, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person of suitable age and discretion _____
  Address of dwelling house or usual place of abode _____
  _____
  Age _____
  Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

  _____

☐ With a guardian or conservator of the Defendant.
  Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
  Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
　Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
　Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month　Day　Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
　Signature

State of _____
County of _____

　On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2017-4969 |
| **Plaintiff**<br>Lori Derobbio<br><br>    v.<br><br>**Defendant**<br>Fay Servicing, Llc | **Attorney for the Plaintiff or the Plaintiff**<br>John B Ennis |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1200 RESERVOIR AVENUE<br>CRANSTON RI  02920 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>440 S LaSalle Street<br>20th Floor<br>Chicago IL  60605 |

**TO THE DEFENDANT, Fay Servicing, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/19/2017. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Lori Derobbio<br><p style="text-align:center">v.</p>**Defendant**<br>Fay Servicing, Llc | **Civil Action File Number**<br>PC-2017-4969 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Fay Servicing, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____/_____/_____          SERVICE FEE $_____
Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2018 8:45:33 AM
Envelope: 1250788
Reviewer: Lynn G.

**STATE OF RHODE ISLAND**　　　　　**SUPERIOR COURT**
**PROVIDENCE, SC**

**LORI DEROBBIO**

　　　**VS**

**FAY SERVICING, LLC**
**CITIBANK, N.A.  NOT IN ITS INDIVIDUAL**
**CAPACITY, BUT SOLELY AS TRUSTEE OF**
**NRZ PASS-THROUGH TRUST VI**

## AFFIDAVIT IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Lori Derobbbio, being duly sworn, being duly sworn, state the following:

1.　　I am a resident of State of Rhode Island with an address of 68 Uxbridge Street, Cranston, Rhode Island.  I reside at and own said real estate located at of 68 Uxbridge Street, Cranston, Rhode Island with my  minor child.

2.　　I executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS" ) as  nominee for Central Pacific Mortgage Company on  December 23, 2003.  A copy is attached as Exhibit A

3.　　Harmon Law Offices, PC ("Harmon") is a Massachusetts corporation.

4.　　Fay Servicing, LLC ("Fay") is a Limited Liability Company organized under the laws of the State of Delaware.  It is a loan servicer for the owner of the Plaintiff's mortgage and note.  It is a debt collector and it does not own Plaintiff's mortgage. At the time it commenced servicing of the mortgage loan, the Plaintiff's mortgage loan account was delinquent.

5.　　Citibank, N.A. as Trustee for NRZ Pass-Through Trust VI ("Citibank")  claims to own my note and mortgage.  However this entity has

1

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 8:45:53 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 12 of 38 PageID #: 41

never been assigned my mortgage or transferred my note.  It is a New York statutory trust.

6.      On June 23, 2017 I submitted a facially complete loss mitigation application and  package to Fay, which it acknowledged as having received on that date. Previously I had submitted a facially complete loss mitigation application and  package to Fay on February 27, 2017.

7.      Thus since February 27, 2017, I have been seeking loss mitigation. Since I had submitted a facially complete package at the latest on June 23, 2017, Fay was prohibited by Regulation X of noticing a foreclosure sale as mandated by  12 CFR 1024.41.

8.      Thus pursuant to 12 CFR 1024.41, Fay could not refer this matter to a sale, since the servicer received a facially complete package, which included all documents requested in the application.

9.      This sale was continually readvertised until it was scheduled for October 20, 2017.

10.      This activity was also in violation of RIGL § 19-14.11-4 Prohibited Acts and Practices, which provides:

It is a violation of this chapter for a person to:

 **(2) Engage in any unfair or deceptive practice toward any person.**

**(4) Use any unfair or unconscionable means in servicing a loan.**

**(14) Knowingly or recklessly facilitate the illegal foreclosure of real property collateral.**

 **(18) Fail to comply with any federal or state law, rule, or other legally binding authority relating to the evaluation of loans for modification purposes or the modification of loans.**

**(19) Fail to comply with this chapter, or rules adopted under this chapter, or fail to comply with any orders or directives from the director, or fail to comply with any other state or federal law, including the regulations**

2

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 8:45:53 AM
Envelope: 1250788
Reviewer: Lynn G.

CR-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 13 of 38 PageID #: 42

**thereunder, applicable to any business authorized or conducted under this chapter.**

11.     These are all deceptive practices pursuant to the Rhode Island Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act.

12.     Harmon on behalf of Fay and Citibank scheduled a foreclosure sale for my home on October 20, 2017 at 9:00 AM. This was originally scheduled for August 30, 2017, a copy of which is attached as Exhibit B.   I have not received a Notice of Default as provided by the terms of my mortgage nor an acceleration notice as provided by the terms of my mortgage.

13.     Neither Fay nor Citibank has sent me a notice pursuant to the provisions of paragraph 22 of my mortgage and has not accelerated the note pursuant to the terms of the mortgage.

14.     Before an acceleration of the loan was declared, the Lender was required to specify:

a.     the default;

b.     the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

c.     that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to asseet the non-existence of a default of Borrower to acceleration and sale.

15.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to**

3

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2018 8:45:53 AM
Envelope: 1250788
Reviewer: Lynn G.

CV-00520-JJM-PAS    Document 5    Filed 11/13/17    Page 14 of 38 PageID #: 43

Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the **STATUTORY POWER OF SALE** and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the **STATUTORY POWER OF SALE**, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

16.    Specifically the provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was not strict compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

17.    I have also received a commitment for a loan to loan me $151,000.00 to payoff this loan.

18.    The payoff for my mortgage is approximately $150,000.00 or less. The fair market value of my home according to my new lender is $260,000.00.

19.    I will need ten days to close on this loan.

4

CV-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 15 of 38 PageID #: 44

20. I have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

21. The In addition, any foreclosure activity will violate the Regulation X ban against dual tracking. I submitted a package to Fay Servicing on June 23, 2017. At that time no foreclosure sale had been scheduled. Thus pursuant to 12 CFR 1024.41, Fay could not refer this matter to a sale, since the servicer received a facially complete package, which included all documents requested in the application. This sale was continually readvertised until it was scheduled for October 20, 2017.

22. This action by Fay was also in violation of RIGL § 19-14.11-4 Prohibited Acts and Practices, which provides:

It is a violation of this chapter for a person to:

**(2) Engage in any unfair or deceptive practice toward any person.**

**(4) Use any unfair or unconscionable means in servicing a loan.**

**(14) Knowingly or recklessly facilitate the illegal foreclosure of real property collateral.**

**(18) Fail to comply with any federal or state law, rule, or other legally binding authority relating to the evaluation of loans for modification purposes or the modification of loans.**

**(19) Fail to comply with this chapter, or rules adopted under this chapter, or fail to comply with any orders or directives from the director, or fail to comply with any other state or federal law, including the regulations thereunder, applicable to any business authorized or conducted under this**

23. The failure of the Defendants to comply with paragraph 22 of the mortgage and to comply with Regulation X renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.

5

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 8:45:53 AM
Envelope: 1250788
Reviewer: Lynn G.

CV-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 16 of 38 PageID #: 45

24.     These facts demonstrate that I have a substantial likelihood of success. Likewise a foreclosure of my property by a party not entitled to foreclose on the property will cause me irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

25.     Such relief sought by me will not disserve the public interest if imposed.

26.     Since there has been no compliance with the terms of the mortgage, any foreclosure will be void.

27.     I am requesting that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin Fay, Citibank and any other entity acting on their behalf from conducting or continuing or advertising a foreclosure sale on October 20, 2017 or at any other time until there has been compliance with the terms of the mortgage.

28.     Notice of this Complaint and Motion has been sent to Harmon Law Offices advising it that I will seek a Temporary Restraining Order on October 19, 2017 at 9:30 AM.

LORI DEROBBIO   aka Manni

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn before me on the _____ day of October, 2017.

NOTARY PUBLIC

6

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:55:58 AM
Envelope: 1250788
Reviewer: Lynn G.

CASE 1:17-CV-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 17 of 38 PageID #: 46

**NOTICE OF MOTION**
**OCTOBER 19, 2017**
**9:30 AM**
**Formal and Special Cause Calendar**

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC**

**LORI DEROBBIO**

    **VS**

**FAY SERVICING, LLC**
**CITIBANK, N.A.  NOT IN ITS INDIVIDUAL**
**CAPACITY, BUT SOLELY AS TRUSTEE OF**
**NRZ PASS-THROUGH TRUST VI**


## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, by her attorney, moves this Court as follows:

1.     Plaintiff is a resident of State of Rhode Island with an address of 68 Uxbridge Street, Cranston, Rhode Island.  Plaintiff resides at and owns said real estate located at of 68 Uxbridge Street, Cranston, Rhode Island with her minor child.

2.      Plaintiff executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS" ) as  nominee for Central Pacific Mortgage Company on   December 23, 2003.  A copy is attached as Exhibit A

3.     Harmon Law Offices, PC ("Harmon") is a Massachusetts corporation.

4.     Fay Servicing, LLC ("Fay") is a Limited Liability Company organized under the laws of the State of Delaware.  It is a loan servicer for the owner of the Plaintiff's mortgage and note.  It is a debt collector and it

1

does not own Plaintiff's mortgage. At the time it commenced servicing of the mortgage loan, the Plaintiff's mortgage loan account was delinquent.

5.   Citibank, N.A. as Trustee for NRZ Pass-Through Trust VI ("Citibank")  claims to own Plaintiff's note and mortgage.  However this entity has never been assigned her mortgage or transferred her note.  It is a New York statutory trust.

6.   On June 23, 2017 Plaintiff  submitted a facially complete loss mitigation application and  package to Fay, which it acknowledged as having received on that date. Previously she had submitted a facially complete loss mitigation application and  package to Fay on February 27, 2017.

7.   Thus since February 27, 2017, Plaintiff has been seeking loss mitigation. Since she had submitted a facially complete package at the latest on June 23, 2017, Fay was prohibited by Regulation X of noticing a foreclosure sale as mandated by  12 CFR 1024.41.

8.   Thus pursuant to 12 CFR 1024.41, Fay could not refer this matter to a sale, since the servicer received a facially complete package, which included all documents requested in the application.

9.   This sale was continually readvertised until it was scheduled for October 20, 2017.

10.   This activity was also in violation of RIGL § 19-14.11-4 Prohibited Acts and Practices, which provides:

It is a violation of this chapter for a person to:

**(2) Engage in any unfair or deceptive practice toward any person.**

**(4) Use any unfair or unconscionable means in servicing a loan.**

**(14) Knowingly or recklessly facilitate the illegal foreclosure of real property collateral.**

2

**(18) Fail to comply with any federal or state law, rule, or other legally binding authority relating to the evaluation of loans for modification purposes or the modification of loans.**

**(19) Fail to comply with this chapter, or rules adopted under this chapter, or fail to comply with any orders or directives from the director, or fail to comply with any other state or federal law, including the regulations thereunder, applicable to any business authorized or conducted under this chapter.**

11.     These are all deceptive practices pursuant to the Rhode Island Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act.

12.     Harmon on behalf of Fay and Citibank scheduled a foreclosure sale for Plaintiff's home on October 20, 2017 at 9:00 AM. This was originally scheduled for August 30, 2017, a copy of which is attached as Exhibit B.  Plaintiff has not received a Notice of Default as provided by the terms of my mortgage nor an acceleration notice as provided by the terms of my mortgage.

13.     Neither Fay nor Citibank has sent Plaintiff a notice pursuant to the provisions of paragraph 22 of her mortgage and has not accelerated the note pursuant to the terms of the mortgage.

14.     Before an acceleration of the loan was declared, the Lender was required to specify:

a.     the default;

b.     the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

c.     that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to assert the non-existence of a default of Borrower to acceleration and sale.

15.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

<div align="center">3</div>

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2019 5:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 20 of 38 PageID #: 49

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

16.    Specifically the provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was not strict compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

17.    Plaintiff has also received a commitment for a loan to lend her $151,000.00 to payoff this loan.

4

18.     The payoff for her mortgage is approximately $150,000.00 or less.  The fair market value of her home according to her new lender is $260,000.00.

19.     Plaintiff will need  ten days to close on this loan.

20.     Plaintiff has  a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

21.     These facts demonstrate that Plaintiff has a substantial likelihood of success.  Likewise a foreclosure of her property by a party not entitled to foreclose on the property will cause her irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

22.     Such relief sought by Plaintiff will not disserve the public interest if imposed.

23.     Since there has been no compliance with the terms of the mortgage, any foreclosure will be void.

24.     Plaintiff is requesting that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin  Fay,  Citibank  and any other entity acting on their behalf from conducting, adjourning,  continuing or advertising a foreclosure sale on October 20, 2017 or at any other time until there has been compliance with the terms of the mortgage.

25.     Notice of this Complaint and Motion has been sent to Harmon Law Offices advising it that Plaintiff will seek a Temporary Restraining Order on October 19, 2017 at 9:30 AM.

WHEREFORE, Plaintiff moves that this Court:

a.     Grant a Temporary Restraining Order Restraining and Enjoining     Fay Servicing, LLC and Citibank, N.A. as Trustee for NRZ Pass-Through Trust VI  or any other entity acting on its behalf from conducting, advertising, adjourning or continuing a  foreclosure  sale at 86 Uxbridge Street, Cranston, Rhode Island pending a hearing on a Preliminary Injunction

b.      Grant a Preliminary Injunction Restraining and Enjoining Fay
Servicing, LLC and Citibank, N.A. as Trustee for NRZ Pass-Through Trust
VI  or any other entity acting on its behalf from conducting, advertising,
adjourning or continuing a  foreclosure  sale at 86 Uxbridge Street,
Cranston, Rhode Island pending a hearing on a Permanent Injunction

c.      Grant a Permanent Injunction enjoining  Fay Servicing, LLC
and Citibank, N.A. as Trustee for NRZ Pass-Through Trust VI  or any other
entity acting on its behalf from conducting, advertising, adjourning or
continuing a  foreclosure  sale at 86 Uxbridge Street, Cranston, Rhode Island
at any time or place.

d.      Award the Plaintiff actual damages and compensatory damages
and legal fees and costs against the Defendants for scheduling a foreclosure
without complying the  terms of the mortgage and for violation of the
prohibition against dual tracking in violation of 12 CFR 1024.41.

e.      Grant all other just and proper relief.

LORI DEROBBIO
By her Attorney

October 18, 2017                              /s/ John B. Ennis
                                             JOHN B. ENNIS, ESQ. #2135
                                             1200 Reservoir Avenue
                                             Cranston, Rhode Island 02920
                                             (401) 943-9230
                                             Jbelaw75@gmail.com

6

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:53:58 AM
Envelope: 1250788
Reviewer: Lynn G.

7

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2018 9:55:58 AM
Envelope: 1250788
Reviewer: Lynn G.

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC**

**LORI DEROBBIO**

    **VS**

**FAY SERVICING, LLC**
**CITIBANK, N.A.  NOT IN ITS INDIVIDUAL**
**CAPACITY, BUT SOLELY AS TRUSTEE OF**
**NRZ PASS-THROUGH TRUST VI**

## COMPLAINT

Plaintiff, by her attorney, complains of Defendants as follows:

1.     Plaintiff is a resident of State of Rhode Island with an address of 68 Uxbridge Street, Cranston, Rhode Island.  Plaintiff resides at and owns said real estate located at of 68 Uxbridge Street, Cranston, Rhode Island with her minor child.

2.     Plaintiff executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS" ) as  nominee for Central Pacific Mortgage Company on   December 23, 2003.  A copy is attached as Exhibit A

3.     Harmon Law Offices, PC ("Harmon") is a Massachusetts corporation.

4.     Fay Servicing, LLC ("Fay") is a Limited Liability Company organized under the laws of the State of Delaware.  It is a loan servicer for the owner of the Plaintiff's mortgage and note.  It is a debt collector and it does not own Plaintiff's mortgage. At the time it commenced servicing of the mortgage loan, the Plaintiff's mortgage loan account was delinquent.

5. Citibank, N.A. as Trustee for NRZ Pass-Through Trust VI ("Citibank")  claims to own Plaintiff's note and mortgage.  However this entity has never been assigned her mortgage or transferred her note.  It is a New York statutory trust.

1

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:53:53 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:18-cv-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 25 of 38 PageID #: 54

6.     On June 23, 2017 Plaintiff  submitted a facially complete loss mitigation application and  package to Fay, which it acknowledged as having received on that date. Previously she had submitted a facially complete loss mitigation application and  package to Fay on February 27, 2017.

7.     Thus since February 27, 2017, Plaintiff has been seeking loss mitigation. Since she had submitted a facially complete package at the latest on June 23, 2017, Fay was prohibited by Regulation X of noticing a foreclosure sale as mandated by  12 CFR 1024.41.

8.     Thus pursuant to 12 CFR 1024.41, Fay could not refer this matter to a sale, since the servicer received a facially complete package, which included all documents requested in the application.

9.     This sale was continually readvertised until it was scheduled for October 20, 2017.

10.     This activity was also in violation of RIGL § 19-14.11-4 Prohibited Acts and Practices, which provides:

It is a violation of this chapter for a person to:

**(2) Engage in any unfair or deceptive practice toward any person.**

**(4) Use any unfair or unconscionable means in servicing a loan.**

**(14) Knowingly or recklessly facilitate the illegal foreclosure of real property collateral.**

**(18) Fail to comply with any federal or state law, rule, or other legally binding authority relating to the evaluation of loans for modification purposes or the modification of loans.**

**(19) Fail to comply with this chapter, or rules adopted under this chapter, or fail to comply with any orders or directives from the director, or fail to comply with any other state or federal law, including the regulations thereunder, applicable to any business authorized or conducted under this chapter.**

2

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:53:31 AM
Envelope: 1250788
Reviewer: Lynn G.
Case 1:20-cv-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 26 of 38 PageID #: 55

11.     These are all deceptive practices pursuant to the Rhode Island Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act.

12.     Harmon on behalf of Fay and Citibank scheduled a foreclosure sale for Plaintiff's home on October 20, 2017 at 9:00 AM. This was originally scheduled for August 30, 2017, a copy of which is attached as Exhibit B.  Plaintiff has not received a Notice of Default as provided by the terms of my mortgage nor an acceleration notice as provided by the terms of my mortgage.

13.     Neither Fay nor Citibank has sent Plaintiff a notice pursuant to the provisions of paragraph 22 of her mortgage and has not accelerated the note pursuant to the terms of the mortgage.

14.     Before an acceleration of the loan was declared, the Lender was required to specify:

a.     the default;

b.     the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

c.     that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to assert the non-existence of a default of Borrower to acceleration and sale.

15.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The  notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice  may result in acceleration of the sums secured by this Security Instrument and sale**

3

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2018 9:53:58 AM
Envelope: 1250788
Reviewer: Lynn G.

1:17-CV-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 27 of 38 PageID #: 56

of the Property. **The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

16. Specifically the provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was not strict compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

17. Plaintiff has also received a commitment for a loan to lend her $151,000.00 to payoff this loan.

18. The payoff for her mortgage is approximately $150,000.00 or less. The fair market value of her home according to her new lender is $260,000.00.

19. Plaintiff will need ten days to close on this loan.

20. Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

4

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 8:53:58 AM
Envelope: 1250788
Reviewer: Lynn G.
Case 1:17-cv-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 28 of 38 PageID #: 57

21.    These facts demonstrate that Plaintiff has a substantial likelihood of success.  Likewise a foreclosure of her property by a party not entitled to foreclose on the property will cause her irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

22.    Such relief sought by Plaintiff will not disserve the public interest if imposed.

23.    Since there has been no compliance with the terms of the mortgage, any foreclosure will be void.

## COUNT I
## BREACH OF CONTRACT

24.    Paragraphs 1- 24 are incorporated by reference.

25.    Paragraph 22 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

26.    Plaintiff never received any a default letter, which included language required by the terms of the mortgage from the lender or owner of the note or the mortgage or an agent indicating that it was acting on behalf of the lender or owner of the note and the mortgage.

27.    Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property. This action constituted a breach of contract, resulting in damages to the Plaintiff, who hired an attorney to commence this case.

28.    Pursuant to Rhode Island Law and the terms of the mortgage and the Statutory Power of Sale can only be exercised if a mortgagee accelerates the mortgage after a proper default notice pursuant to the terms of the mortgage.

WHEREFORE, Plaintiff demands the following relief:

5

a.  Damages against Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for failure to comply with the terms of the mortgage.

b.  Damages Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for legal fees and actual damages arising from the breach of contract.

c.  Legal fees from Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI pursuant to the provisions of R.I.G.L § 9-1-45.

d.  Damages for charges to her mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

e.  All other just and proper relief.

LORI DEROBBIO
By her Attorney

October 18, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

29.  Paragraphs 1-28 are incorporated by reference.

30.  The mortgage contract between Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

6

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2018 5:13 AM
Envelope: 1250788
Reviewer: Lynn G.

Case 1:17-cv-00520-JJM-PAS   Document 5   Filed 11/13/17   Page 30 of 38 PageID #: 59

31.     The mortgage contract in paragraph 22 incorporates the Rhode Island
Statutory Power of Sale.

32.     The Statutory Power of Sale could only be invoked by sending
Plaintiff the following documents:

      a.     A default letter pursuant to the term of the mortgage was
required to be sent by the lender to the mortgagor at their
home address

      b.     A subsequent acceleration letter from the lender to the
Plaintiff was required to be sent after a default letter.

      c.     A notice of sale from the lender

33.     Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-
Through Trust VI violated the covenant of good faith and dealing by
scheduling a foreclosure sale in violation of the terms of the mortgage by
seeking to exercise the statutory power of sale without the lender having first
sent a default notice to the Plaintiff, which contained language required by
the terms of the mortgage and a subsequent acceleration notice on behalf of
the lender pursuant to the terms of the mortgage.

34.     The failure to send a default letter pursuant to the terms of the
mortgage were  actions taken contrary to the contractual and statutory
obligations of the parties.

35.     As a result, Plaintiff has incurred the following damages:

      a.     Plaintiff has incurred the cost of filing this action in the
form of filing fees and service fees, incurred in order to
stop the foreclosure, which was in violation of the terms
of the mortgage.

      b.     Plaintiff's mortgage loan account has been charged fees
and costs which were not permitted without a valid
default letter having being sent to her.

7

c.   Plaintiff has incurred damages for Plaintiff aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety. She has incurred stress with mail advising him that her home will be sold at a public auction.

d.   Plaintiff has incurred attorney fees and costs to obtain an injunction to stop the illegal foreclosure.

e.   Plaintiff has incurred attorney fees and costs for the prosecution of this action.

36.   The conduct of Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI was willful, wanton and reckless, warranting the imposition of punitive damages. They ignored the clearly stated terms of the mortgage, but instead went forward and sought to exercise the statutory power of sale without a valid default notice having been sent to the Plaintiff.

WHEREFORE, Plaintiff demands the following relief:

a.   Damages against Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for failure to comply with the terms of the mortgage.

b.   Damages against Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI for legal fees and damages arising from the breach of contract.

c.   Legal fees Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI.

d.   Damages for charges to her mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

e.   Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless

8

nights, worry and anxiety. and stress suffered by the Plaintiff.

f.      Damages for punitive damages

g.      All other just and proper relief.

LORI DEROBBIO
By her Attorney

October 18, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT III
## INJUNCTIVE RELIEF

37.     Paragraphs 1-33 are incorporated by reference.

38.     Plaintiff swill be irreparably harmed if the foreclosure sale on September 12, 2017 occurs and her home is sold.

39.     Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

40.     The failure of the Defendants to comply with paragraph 22 of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability. This demonstrates that Plaintiff has a substantial likelihood of success.

9

41.     Likewise a foreclosure of Plaintiff's  property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants.

42.     Such relief sought by Plaintiff will not disserve the public interest if imposed.

43.     The failure of the Defendant to comply with paragraph 22 of the mortgage renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability. This demonstrates that Plaintiff has a substantial likelihood of success. Likewise a foreclosure of Plaintiff's property by a party not entitled to foreclose on the property will cause Plaintiff  irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants. Such relief sought by Plaintiff will not disserve the public interest if imposed.

WHEREFORE, Plaintiff  demands that this Court:

a.     Grant a Preliminary Injunction Restraining and Enjoining Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI  or any other entity acting on its behalf from conducting, advertising or continuing a  foreclosure  sale at 68 Uxbridge Street, Cranston, Rhode Island pending a hearing on a Permanent Injunction

b.     Grant a Permanent Injunction enjoining  Fay Servicing, LLC and Citibank, N.A. As Trustee of NRZ Pass-Through Trust VI or any other entity acting on its behalf from conducting, advertising or continuing a foreclosure  sale at 68 Uxbridge Street, Cranston, Rhode Island until  further Order of this Court.

c.     Award the Plaintiff actual damages and compensatory damages and legal fees and costs against the Defendants for scheduling a foreclosure without complying the  terms of the mortgage

d.     Grant all other just and proper relief.

10

LORI DEROBBIO
By her Attorney

October 18, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT IV
## VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

44.    Paragraphs 1-43 are incorporated by reference.

45.    At the time that Fay Servicing, LLC obtained servicing rights of the Plaintiff's mortgage, it claimed that the obligation of the Plaintiff was in default. Defendant, Fay Servicing, LLC is a "debt collector" as defined by the provisions of R.I.G.L. § 19-14.9-3 ("RIFDCPA"). This Court has jurisdiction pursuant to the provisions of R.I.G.L. § 19-14.9-13. The primary business of Fay Servicing, LLC is the collection of debts.

46.    Fay Servicing, LLC since it commenced servicing of the mortgage loan has committed several violations of the RIFDCPA and is liable to the Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations.

47.    Fay Servicing, LLC has used multiple unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiffs.

48.    Fay Servicing, LLC has violated the RIFDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt. Fay Servicing, LLC made false representations regarding the character, amount and legal status of the debt.

49.    On or after October 19, 2016, Fay Servicing, LLC retained the law firm of Harmon Law Offices, P.C. (" Harmon") to collect an alleged debt

11

allegedly due to the entity on whose behalf Fay Servicing, LLC was collecting by seeking to foreclose on Plaintiff's property.

50.    Fay Servicing, LLC, through this law firm, made various false representations, which were made regarding the character, amount and legal status of the Plaintiff's debt.  These false assertions were made as follows:

>     a.    It falsely stated on a number of occasions,  through its own documentation and that of its attorneys the amount secured by the mortgage loan.

>     b.    It has falsely stated the amount claimed to be due in past due interest and charges, in every statement and document sent to the Plaintiff since that date.

51.    These statements were all false and were violations of R.I.G.L. § 19-14.9-7 (b)(1) for the reasons as alleged previously in this complaint.

52.    Fay Servicing, LLC  claiming to act on behalf of the owner of the mortgage loan, through its attorney, also violated the provisions of R.I.G.L. §19-14.9-7 (b)(e) by threatening to take an action that could not be legally taken, namely that it could exercise the statutory power of sale and conduct a foreclosure sale of the plaintiff's home.

53.    In addition Fay Servicing, LLC could not take this action because there had never been a valid default letter sent to Plaintiff by the lender.

54.    In addition, no foreclosure sale would be held because on June 23, 2017, Plaintiff transmitted to Fay Servicing, LLC a facially complete loss mitigation package.

55.    This package received by Fay Servicing, LLC contained the application form of Fay, the Plaintiff's verification of income, IRS Form 4506, her tax returns, bank statements and a utility bill.

56.    Pursuant to 12 CFR 1024.41, the receipt of a facially complete package prohibited any Notice of Sale pursuant to RIGL 34-27-4 from being sent to the Plaintiff.

57.    This activity was also in violation of RIGL § 19-14.11-4 Prohibited Acts and Practices, which provides:

It is a violation of this chapter for a person to:

**(2) Engage in any unfair or deceptive practice toward any person.**

**(4) Use any unfair or unconscionable means in servicing a loan.**

**(14) Knowingly or recklessly facilitate the illegal foreclosure of real property collateral.**

**(18) Fail to comply with any federal or state law, rule, or other legally binding authority relating to the evaluation of loans for modification purposes or the modification of loans.**

**(19) Fail to comply with this chapter, or rules adopted under this chapter, or fail to comply with any orders or directives from the director, or fail to comply with any other state or federal law, including the regulations thereunder, applicable to any business authorized or conducted under this chapter.**

58.    Each action of Fay Servicing, LLC  described above constitutes a separate violation of the RIFDCPA for which Fay Servicing, LLC is liable.

59.    All the actions alleged in this complaint were designed to compel the Plaintiff to pay monies to Fay Servicing, LLC, through its attorney, on behalf of the alleged owner of the note and mortgage under the false threat of foreclosure of her home unless she made such a payment to Fay Servicing, LLC, through its attorney on behalf of  the  entity, which owned the note.

60.    The Plaintiff  has incurred  actual damages as a result of the violations of the RIFDCPA:

a.    Plaintiff has incurred costs for gasoline to visit her attorney on several occasions, driving to her  attorney's office for round trips totaling more than 5 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.    Plaintiff  has used her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to his cell phone usage and monthly fees.

13

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:53:58 AM
Envelope: 1250788
Reviewer: Lynn G.

c.      Plaintiff has used electricity to recharge her cell phone for calls when she spoke with his attorney.

d.      She has incurred attorney fees and costs for the prosecution of the Superior Court action.

e.      She has suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of her home on several occasions.

f.      Her mortgage loan account has been charged unreasonable fees and costs.

61.      As a result of the above described acts Fay Servicing, LLC, it is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff demands that Judgment be entered against

the Defendant Fay Servicing, LLC, for the following relief:

A.      Judgment against Fay Servicing, LLC for actual damages, and statutory damages of $1,000.00 for each violation of the RIFDCPA.

B.      Judgment against Fay Servicing, LLC for legal fees and costs for the prosecution of this action.

C.      For all other just and proper relief.

LORI DEROBBIO
By her attorney,

October 18, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

14

Case Number: PC-2017-4969
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2017 9:55:58 AM
Envelope: 1250788
Reviewer: Lynn G.

Plaintiff demands a Trial by Jury

15