UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LORI DEROBBIO,<br><br>       Plaintiff,<br><br>v.<br><br>FAY SERVICING, LLC, and<br>CITIBANK, NA, Not In Its Individual<br>Capacity But Solely As Trustee Of NRZ Pass-<br>Through Trust VI,<br><br>       Defendants. | C.A. No. 1:17-CV-00520-JJM-LDA |

## ANSWER

Defendants Fay Servicing, LLC and Citibank, NA, Not In Its Individual Capacity But Solely As Trustee Of NRZ Pass-Through Trust VI (collectively "<u>Defendants</u>") respond as follows to the correspondingly-numbered paragraphs of the Complaint.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendants admit only that Fay Servicing, LLC ("<u>Fay</u>") is a limited liability company, that it is a loan servicer for the owner of the at-issue mortgage loan, and that Plaintiff's mortgage loan account is delinquent. Defendants deny the remaining allegations in this paragraph.

5. Denied.

6. Denied.

1

7. Denied.

8. Denied.

9. Defendants admit only that the previously scheduled foreclosure sale date of August 30, 2017 had been postponed until October 20, 2017.

10. Denied.

11. Denied.

12. Defendants admit only that the previously scheduled foreclosure sale date of August 30, 2017 had been postponed until October 20, 2017. Defendants deny the remaining allegations in this paragraph.

13. Denied.

14. Denied as stated. Further answering, Defendants state that paragraph 22 of the mortgage is a written document that speaks for itself.

15. Defendants admit that this paragraph appears to contain an accurate quotation of paragraph 22 of the mortgage. Further answering, Defendants state that paragraph 22 of the mortgage is a written document that speaks for itself.

16. Defendants admit that paragraph 22 of the mortgage contains conditions for exercising the power of sale. Defendants deny the remaining allegations contained in this paragraph.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT I
## BREACH OF CONTRACT

24. Defendants incorporate and repeat their responses to the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. Denied as stated. Further answering, Defendants state that paragraph 22 of the mortgage is a written document that speaks for itself.

26. Denied.

27. Denied.

28. Defendants admit only that the law and terms of the mortgage require a notice of default prior to exercising the power of sale. Defendants deny Plaintiff's implied allegation that it did not send Plaintiff a proper notice of default.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismissing the claims against them, with prejudice; and award Defendants their attorneys' fees, costs and other such relief that this Court deems just.

## COUNT II
## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

29. Defendants incorporate and repeat their responses to the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30. This paragraph consists of a legal conclusion to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. This paragraph consists of a legal conclusion to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. Denied as stated. Further answering, Defendants state that paragraph 22 of the mortgage is a written document that speaks for itself.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismissing the claims against them, with prejudice; and award Defendants their attorneys' fees, costs and other such relief that this Court deems just.

## COUNT III
## INJUNCTIVE RELIEF

37. Defendants incorporate and repeat their responses to the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismissing the claims against them, with prejudice; and award Defendants their attorneys' fees, costs and other such relief that this Court deems just.

## COUNT IV
## VIOLATION OF THE RHODE ISLAND
## FAIR DEBT COLLECTION PRACTICES ACT

44. Defendants incorporate and repeat their responses to the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45. This paragraph consists of a legal conclusion to which no response is required. Further answering, Defendants deny being a debt collector within the meaning of the statute referenced in this paragraph and admit only that plaintiff is in default under the terms of the mortgage.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. This paragraph consists of a legal conclusion to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismissing the claims against them, with prejudice; and award Defendants their attorneys' fees, costs and other such relief that this Court deems just.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of in pari delicto.

3. Plaintiff's damages, if any, were caused by her own acts or omissions.

4. Plaintiff, by her own acts and omissions, is estopped from asserting that Defendants owe her any relief.

5. To the extent that Plaintiff recovers from Defendants, any such recovery must be set off against the balance due to Defendants.

6. Plaintiff is barred from recovery, or her recovery is diminished, because she failed to mitigate her damages.

7. Plaintiff's claims fail and/or she lacks standing to challenge the assignments of the mortgage at issue in this matter.

8. Plaintiff's claims are barred or limited pursuant to the doctrines of res judicata, claim preclusion, issue preclusion, and/or collateral estoppel.

## PRAYER FOR RELIEF

Defendants respectfully request that this Court enter judgment in their favor, dismissing the claims against them, with prejudice; and award Defendants their attorneys' fees, costs and other such relief that this Court deems just.

## JURY TRIAL DEMAND

Defendants request a trial by jury as to all claims asserted against it that are so triable.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>FAY SERVICING, LLC, and<br>CITIBANK, NA, Not In Its Individual<br>Capacity But Solely As Trustee Of NRZ<br>Pass-Through Trust VI,</td></tr>
<tr><td></td><td>By its attorneys,</td></tr>
<tr><td>Date: March 30, 2018</td><td>/s/ *Carl E. Fumarola*<br>Carl E. Fumarola, Bar No. 6980<br>Nelson Mullins Riley & Scarborough LLP<br>10 Dorrance Street, Suite 700<br>Providence, RI 02903<br>Tel: 401-519-3850<br>Fax: 401-519-3601<br>Email: carl.fumarola@nelsonmullins.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

I, Carl E. Fumarola, certify that on this 30th day of March, 2018, I filed the foregoing document through the ECF system, thereby serving it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date. The foregoing document is available for viewing and downloading from the ECF system.

/s/ *Carl E. Fumarola*
Carl E. Fumarola